**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

PATRICIA ROBINSON on behalf of herself
and all others similarly situated,

**CLASS ACTION**

Case No.

Plaintiff,
v.

**JURY TRIAL DEMANDED**

HYUNDAI CAPITAL AMERICA, INC.
d/b/a GENESIS FINANCE USA,

Defendant.
_____/

**CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

1. Plaintiff, PATRICIA ROBINSON ("Plaintiff or Ms. Robinson"), on behalf of herself and all others similarly situated brings this action to challenge the unlawful and unfair business practices of HYUNDAI CAPITAL AMERICA, INC. d/b/a GENESIS FINANCE USA ("Defendant" or "Genesis") in violation of the Federal Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M") (collectively the "CLA") and the Florida Deceptive and Unfair Trade Practice Act ("FDUTPA"), Fla. Stat. §§ 501.201, *et seq*.

**INTRODUCTION**

2. This putative class action is brought under the CLA and FDUTPA to secure redress for Plaintiff and all others similarly situated for the unfair and unlawful acts of Genesis.

3. Genesis is an auto finance and leasing company that (among other services) provides lessees with "lease-end-journey" services.[1]

4. The CLA was passed in 1976 as an amendment to the Truth-in-Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.* Section 1667b(b) H, in an effort to provide consumers with accurate information and disclosures regarding the terms of a lease before entering into the agreement. "With this information, consumers can more easily compare one lease with another, as well as compare the cost of leasing with the cost of buying on credit or the opportunity cost of paying cash."[2]

5. Under CLA, if a consumer lease provides the consumer with the option to purchase the car at the end of the lease, the lease agreement must indicate "whether or not the lessee has the option to purchase the leased property and *at what price and time*." 15 U.S.C.S. § 1667a (emphasis added).

6. Genesis causes consumers who buy out their leases needless financial harm (in violation of the CLA and the FDUTPA) by unilaterally increasing the pre-determined, and disclosed, purchase price listed in the lease agreement when consumers seek to purchase their vehicle at the end of the lease term.

7. Upon information and belief, Genesis engages in this unfair business practice for its own financial benefit and at the expense of consumers.

8. Through this action, Plaintiff seeks injunctive relief to halt Genesis' illegal conduct in connection with its post-lease buyout terms. Plaintiff also seeks actual and statutory damages

---

[1] *See* https://www.genesisleaseend.com/#Step_0 (last visited June 24, 2022).
[2] CFPB Consumer Laws and Regulations, Consumer Leasing, *Consumer Leasing Act* Manual V.2 (Oct. 2012).

on behalf of herself and members of the class, as well as injunctive relief, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

9. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claim arises from the CLA, a federal statute (*see* 15 U.S.C. § 1667d(c)), and pursuant to 28 U.S.C. § 1367 for the supplemental state law claims.

10. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) and (c) because the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

11. Plaintiff is a natural person who at all relevant times resided in Broward County, Florida.

12. Upon information and belief, Defendant is a California corporation with its principal place of business located in Irvine, California.

13. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTUAL ALLEGATIONS

14. In September of 2018, Defendant leased a new 2018 HYUNDAI GENESIS G90 ("Vehicle") to Plaintiff, for personal, family, or household purposes, through its authorized dealership, Rick Case Hyundai, located in Plantation, Florida.

15. The Vehicle was leased under a Closed-End Vehicle Lease Agreement ("Lease"). A copy of the lease is attached as Exhibit A.

16. Plaintiff's lease transaction with Defendant for the Vehicle was a consumer lease of personal property within the meaning of 15 U.S.C. § 1667(1) and (4).

17. Upon information and belief, Plaintiff's Lease was an exemplar of the lease used by Defendant for consumer leases entered into during the class period.

18. Under the terms of the Lease, Defendant provided Plaintiff with the option to buy the Vehicle at the end of the lease term:

> You have an option to purchase the Vehicle from us at the scheduled end of the Lease Term, AS IS, WHERE IS, from us or a party we designate […] for the Residual Value on line 7D above ("Purchase Price") plus a Purchase Option Fee of $ 1479.00. You are also responsible for any official fees, such as those for taxes, tags licenses and registration.

*See* Exhibit A, at pp. 2 Section 9, "PURCHASE OPTION AT END OF LEASE TERM."

19. Line 7D on page two of the Lease indicates the residual value of the Vehicle to be $32,051.80 making the total buyout amount to be $33,530.00. *Id*. at pp. 2, Section 7.

20. Aside from the official fees, the Lease did not disclose any other fees or costs to be added to the purchase price for Plaintiff to exercise her purchase option at the end of the Lease.

21. Plaintiff reasonably relied on these terms, including the purchase price at lease end in the amount of $33,530.00, when agreeing to enter into the Lease with Defendant.

22. At the end of the Lease term, Plaintiff contacted Genesis directly, which was assigned the Lease, and asked about the process to buy the Vehicle pursuant to the Lease's purchase option.

23. Genesis directed Plaintiff to buy the Vehicle through the Rick Case Hyundai dealership located in Plantation, Florida.

24. In late July 2021, Plaintiff visited Defendant's Hyundai dealership to exercise the purchase option that was clearly described in Plaintiff's 2018 Lease agreement.

25. However, to Plaintiff's surprise, Defendant required Plaintiff to pay an additional $699 "Predelivery Service Charge" and a $132.95 "Electronic Registration Filing Fee."

26. The $699 "Predelivery Service Charge" and $132.95 "Electronic Registration Filing Fee" are not official fees, but are fees from which Defendant profits from.

27. Defendant never disclosed the $699 "Predelivery Service Charge" and $132.95 "Electronic Registration Filing Fee" in the Lease as part of the purchase option.

28. Defendant's failure to honor the purchase price in the Lease was the cause of Plaintiff's harm, as Plaintiff was left with no choice but to pay the additional $699 "Predelivery Service Charge" and $132.95 "Electronic Registration Filing Fee" that was contrary to the amount stated as the purchase price in the Lease.

## CLASS ALLEGATIONS

29. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and/or Fed. R. Civ. P. 23(b)(3), on behalf of herself and all others similarly situated.

30. Plaintiff brings this case on behalf of a National Class and a Florida Sub-Class (collectively referred to herein as the "Classes") defined as follows:

> **The Nationwide Class:** All persons within the United States who, within the one year prior to the filing of this Complaint, entered into a vehicle lease agreement with Defendant that contained a purchase option at the end of the lease term and purchased the vehicle at the end of the lease for more than the price disclosed in the lease agreement.
>
> **The Florida Sub-Class:** All persons within the State of Florida who, within the four years prior to the filing of this Complaint, entered into a vehicle lease agreement with Defendant that contained a purchase option at the end of the lease term and purchased the vehicle at the end of the lease for more than the price disclosed in the lease agreement.

31. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the exact number of members in the Classes, but believes the number is in the several thousands, if not more.

**Numerosity**

32. Upon information and belief, Defendant has failed to honor the purchase price represented in the lease agreement (and charged an amount in excess of the purchase price disclosed in the consumer lease) for at least thousands of consumers in Florida and throughout the United States. The members of the Classes, therefore, are so numerous that joinder of all members is impracticable.

33. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's business records.

**Common Questions of Law and Fact**

34. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

   a. Whether Defendant violated the CLA and Regulation M;

   b. Whether Defendant violated the FDUTPA;

   c. Whether Defendant charged extra non-disclosed fees to consumers exercising the purchase option in their lease;

   d. Whether Defendant's standard lease violates the CLA and Regulation M by failing to properly disclosure the purchase price of the vehicle at the end of the lease;

  e. Whether Defendant properly disclosed the additional fees it charged consumers who purchased their vehicles at lease end;

  f. Whether Defendant is liable for damages, and the amount of such damages; and,

  g. Whether Defendant should be enjoined from such conduct in the future.

35. The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant routinely charged an amount in excess of the purchase price disclosed in the consumer lease are accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**Typicality**

36. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories. Indeed, Plaintiff and Class members all entered into a vehicle lease agreements with Defendant that contained a purchase option at the end of the lease term and purchased the vehicle at the end of the lease for more than the price disclosed in the lease agreement.

37. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes, and has retained competent counsel. Accordingly, Plaintiff is adequate representative and will fairly and adequately protect the interests of the Classes.

38. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own

separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

39. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

## COUNT I
## VIOLATIONS OF THE
## FEDERAL CONSUMER LEASING ACT, ("CLA") 15 U.S.C. § 1667a
### (On Behalf of Plaintiff and the National Class)

40. Plaintiff incorporates all of the allegations above as if fully set forth at length herein.

41. The CLA and Regulation M require Defendant to indicate "whether or not the lessee has the option to purchase the leased property and *at what price and time*." 15 U.S.C.S. § 1667a (emphasis added).

42. The CLA governs the disclosures in the Lease because the lease term ran for 35 months and was for less than $58,300. 15 U.S.C. § 1667(1).

43. Plaintiff is natural person who Leased the Vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

44. Defendant was required to comply with the CLA's disclosure requirements because it was a "lessor" under 15 U.S.C § 1667(3) of the CLA, as Defendant regularly engages "in leasing, offering to lease, or arranging to lease under a consumer lease."

45. Defendant has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

46. As described above, Defendant had substantial involvement in the lease transaction with Plaintiff.

47. The Lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 1013.

48. The disclosure of the purchase option price in the Lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

49. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by not disclosing the $699 "Predelivery Service Charge" and a $132.95 "Electronic Registration Filing Fee" in the purchase option price of the Lease.

50. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose that the purchase option price (with respect to Plaintiff's Lease) was $735.63 more than what the Lease required to buy the Vehicle.

51. Defendant also violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose to Class members that the purchase option price was more than what their leases required to buy the Vehicle.

52. Defendant violated 12 CFR § 1013.3(a) because the purchase option price was unclear, inaccurate, and incomplete.

53. Defendant violated the CLA for refusing to sell the Vehicle to Plaintiff unless she paid the $699 "Predelivery Service Charge" and a $132.95 "Electronic Registration Filing Fee."

54. These omissions were material to Plaintiff's decision to enter the Lease, and Plaintiff detrimentally relied on these material omissions.

55. At a minimum, Plaintiff suffered financial loss in that Plaintiff paid $735.63 more than what the Lease required to buy the Vehicle.

56. Had Defendant provided an accurate, complete, and clear purchase option price in the Lease, which it was required to do, Plaintiff would have negotiated better terms or declined to lease the Vehicle.

57. Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiff and members of the Classes.

58. Pursuant to 15 U.S.C. § 1640, Plaintiff and members of the Classes are entitled to recover, and seek, actual and statutory damages from Defendant for violations of the CLA, and reasonable attorney's fees and costs.

**COUNT II**
**VIOLATIONS OF THE**
**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICE ACT, ("FDUTPA"),**
**Fla. Stat. §§ 501.201, *et seq*.**
**(On Behalf of Plaintiff and the Florida Sub-Class)**

59. Plaintiff incorporates all of the allegations above as if fully set forth at length herein.

60. Section 501.204 of the FDUTPA, makes it unlawful to engage in "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. Ann. § 501.204.

61. The FDUTPA shall be

> construed liberally to promote the following policies: (1) To simplify, clarify, and modernize the law governing consumer protection, unfair methods of competition, and unconscionable, deceptive, and unfair trade practices. (2) To protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce. (3) To make state consumer protection and enforcement consistent with established policies of federal law relating to consumer protection.

Fla. Stat. Ann. § 501.204.

62. Defendant was, at all times material to the allegations herein, engaged in "trade or commerce" as defined by Fla. Stat. § 501.203.

63. Defendant engaged in a pattern of acts and practices designed to deceive and induce Florida consumers to purchase Defendant's products and services.

64. Defendant's misleading business practices lead consumers to believe that the purchase price disclosed in their lease agreements with Defendant would be honored if they elected to exercise the purchase option at the end of their lease term, when in fact this was not true.

65. Through false and deceptive marketing and related business practices, Defendant has: (1) committed acts or practices in trade or commerce, which shock the conscience; (2) engaged in representations, acts, practices or omissions, which are material, and which are likely to mislead consumers acting reasonably under the circumstances; (3) committed acts or practices in trade or commerce which offend established public policy and are unethical, oppressive, unscrupulous or substantially injurious to consumers; and/or (4) engaged in acts or practices that are likely to cause substantial injury to consumers, which is not reasonably avoidable by consumers themselves or outweighed by countervailing benefits to consumers or competition.

66. Thus, Defendant has engaged in unfair or deceptive acts or practices in the conduct of any trade or commerce in violation of the FDUTPA.

67. These above-described acts and practices of Defendant have injured and will likely continue to injure and prejudice the public, including Plaintiff and members of the Florida Sub-Class.

68. Defendant has willfully engaged in the acts and practices when Defendant knew or should have known that such acts and practices were unfair or deceptive or otherwise prohibited by law. Specifically, Defendant failed to properly disclose the purchase price of its vehicles to

consumers who elected to exercise their purchase option at lease end and/or Defendant knowingly and willfully charged consumers (including Plaintiff and members of the Florida Sub-Class) more to purchase their vehicle than the amount state in the lease agreement in violation of the CLA.

69. Unless Defendant is permanently enjoined from engaging further in the acts and practices complained of herein, Defendant's actions will result in irreparable injury to the public for which there is no adequate remedy at law.

70. Plaintiff and members of the Florida Sub-Class are entitled to, and seek, reasonable attorney's fees and costs for Defendant's violations of the FDUTPA pursuant to Fla. Stat. § 501.2105.

71. Plaintiff and members of the Florida Sub-Class are entitled to, and seek, actual damages pursuant to Fla. Stat. § 501.211.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff for relief and judgment against Defendant as follows:

A. Class certification of this action, establishing the Classes and any appropriate sub-classes that the Court may deem appropriate;

B. Appointment of Plaintiff as Class Representative;

C. Appointment of Plaintiff's attorneys as Class Counsel;

D. Actual damages pursuant to Fla. Stat. § 501.211 and 15 U.S.C. § 1640;

E. Statutory damages pursuant to 15 U.S.C. § 1640;

F. Pre-judgment and post-judgment interest, as allowed by law;

G. Reasonable attorneys' fees and costs pursuant to, *inter alia,* Fla. Stat. § 501.2105; 15 U.S.C. § 1640; the common fund doctrine; and/or any other relevant law;

      H.      Injunctive relief requiring Defendant to permanently honor its obligation under its lease agreements to sell the leased vehicles for the price identified on the lease agreement;

      I.      An order declaring that Defendant is in violation of the FDUTPA; and

      J.      Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Darren R. Newhart
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
P.O. Box 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile: (561) 473-2946

Abbas Kazerounian, Esq.
(*Pro Hac Vice* Application Forthcoming)
Email: ak@kazlg.com
KAZEROUNI LAW GROUP, APC
245 Fischer Avenue Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Jason A. Ibey, Esq.
(*Pro Hac Vice* Application Forthcoming)
Email: jason@kazlg.com
KAZEROUNI LAW GROUP, APC
321 N Mall Drive
Suite R108
St. George, UT 84790
Telephone: (800) 400-6808
Facsimile: (800) 520-5523